J-A02044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM A. JOHNSON | : | |
| | : | |
| Appellant | : | No. 693 MDA 2018 |

Appeal from the PCRA Order March 19, 2018
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000074-2005,
CP-50-CR-0000102-2005

BEFORE: LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY LAZARUS, J.: **FILED MARCH 13, 2019**

William A. Johnson appeals *pro se* from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] After review, we affirm.

---

[1] On January 2, 2019, our Court remanded the instant matter to the trial court because there was an issue with regard to whether Johnson filed his notice of appeal in a timely fashion. Upon remand, the trial court was instructed to determine the timeliness of Johnson's notice of appeal. We required the court to give Johnson the opportunity to present evidence, including the original cash slip that he appended to his rule to show cause, a post-marked envelope, and/or an affidavit evidencing the date that he deposited his notice of appeal with prison authorities. The trial court timely complied with our remand order and held a hearing on February 5, 2019, where Johnson "testified and [his] 'cash slip' confirmed that [his] notice of appeal was deposited with prison authorities on April 18, 2018." Order of Court, 2/6/19, at 1. Thus, the court found that Johnson's notice of appeal was timely filed pursuant to the Prisoner Mailbox Rule. ***Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997).

In March 2006, a jury convicted Johnson of four counts each of attempted rape of a child, aggravated indecent assault, and indecent assault, and two counts each of corruption of minors and indecent exposure.[2] On July 31, 2006, he was sentenced to an aggregate term of ten years and nine months' to forty-two years' incarceration. Johnson was deemed to be a sexually violent predator (SVP), pursuant to 42 Pa.C.S. § 9795.4. He filed a direct appeal challenging his designation as an SVP; however, our Court dismissed the appeal due to appellate counsel's failure to file a brief. Johnson filed a *pro se* PCRA petition in October 2007, seeking reinstatement of his appellate rights *nunc pro tunc* and the appointment of counsel. Johnson's rights were reinstated on March 27, 2008; however, he did not file a direct appeal. Instead, counsel filed a timely PCRA petition requesting the court vacate the order reinstating his appellate rights and permit him to amend his petition. The court granted the relief and permitted counsel to file an amended PCRA petition. After holding hearings, the court denied Johnson's PCRA petition on October 5, 2011. Johnson filed a collateral appeal and our Court affirmed the denial of PCRA relief. *See Commonwealth v. Johnson*, No. 1937 MDA 2011 (Pa. Super. filed Sept. 18, 2012) (unpublished memorandum). On October 29, 2013, the Pennsylvania Supreme Court

---

[2] Two victims were involved. Originally the charges were filed under two separate docket numbers, CP-50-CR-0000074-2005 and CP-50-CR-0000102-2005. However, upon motion by the Commonwealth, they were consolidated for trial.

denied Johnson's petition for allowance of appeal. ***Commonwealth v. Johnson***, 78 A.3d 1090 (Pa. 2013) (Table).

Johnson filed another *pro se* PCRA petition on November 18, 2013. Counsel was appointed and, after being granted five extensions within which to file an amended petition, sought leave to withdraw pursuant to ***Turner***/***Finley***.[3] Johnson simultaneously sought a change in appointed counsel. The court granted counsel's request to withdraw on May 24, 2017.[4] On May 31, 2017, the court appointed new counsel for Johnson. New counsel sought to withdraw on November 15, 2017, pursuant to ***Turner***/***Finley***. On November 20, 2017, the court granted counsel's petition to withdraw and gave Johnson Pa.R.Crim.P. 907 notice of its intent to dismiss his petition and advised him of his right to respond to the proposed order within 20 days. On December 4, 2017, Johnson filed an objection to the notice to dismiss his petition.

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] On May 15, 2017, Johnson filed a *pro se* addendum to his PCRA petition claiming that a Commonwealth witness had a disease that "attack[ed] the memory part of [her] brain" and that at the time of his trial this witness was on a medication and "drinking all the time[,]" which decreased the effectiveness of the medication and increased its adverse side-effects. ***See*** Addendum to PCRA Petition, 5/15/17. However, because Johnson was still represented by counsel at that time, his filing was not docketed or independently ruled upon by the court. ***See Commonwealth v. Jette***, 23 A.3d 1032 (Pa. 2011) (proper response to any *pro se* pleading by represented defendant is to refer pleading to counsel, and take no further action on *pro se* pleading unless counsel forwards motion to withdraw; once brief filed, any right to insist upon self-representation has expired).

On March 19, 2018, the court ruled upon Johnson's objection, noting that the record supported counsel's conclusion that the claims in Johnson's PCRA petition are meritless and that the court had also independently reviewed each PCRA claim and come to the same conclusion. Additionally, the court acknowledged that Johnson had filed another PCRA brief to support his petition that "raises new issues not raised in any of his PCRA petitions, including arguing that his lifetime registration under SORNA is unconstitutional and that his being found a Sexually Violent Predator is unconstitutional." Opinion and Order, 3/19/18, at 3-4. However, because Johnson had not sought leave to amend his petition when counsel had filed a petition to withdraw under **Turner**/**Finley**, the PCRA court was under no obligation to address new issues.[5]

On April 23, 2018, Johnson filed his notice of appeal from the trial court's March 19, 2018 order denying his PCRA petition. On appeal, he raises the following issues for our consideration:

(1)  Constitutionally ineffective[] counsel for failing to bring PCRA [c]laims that were unaddressed and asked to do.

(2)  Sufficiency of the evidence.

(3)  Whether [the t]rial court erred in finding [Johnson] to be a sexually violent predator even though the Sex Offender Assessment Board did not so find.

_____

[5] **See Commonwealth v. Rigg**, 84 A.3d 1080 (Pa. Super. 2014); **see also Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012) (response to Rule 907 notice of dismissal not treated as either amended PCRA petition or serial petition).

(4)    SORNA [r]egistration [requirements] and Megan's Law are unconstitutional.

(5)    Did the [t]rial judge abuse his discretion by going against the SOAB at sentencing?

Appellant's Brief, at 7.

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and a newly-recognized constitutional right. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." **Id.**; **see also** 42 Pa.C.S.A. § 9545(b)(2).[6] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear

---

[6] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

Instantly, Johnson's judgment of sentence became final on April 27, 2008, when the time expired for him to file a *nunc pro tunc* direct appeal with our Court. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Thus, he had until April 27, 2009, to file a timely petition. Johnson's current petition, however, was not filed until November 18, 2013, more than four years later. Accordingly, Johnson's PCRA is patently untimely and he must plead and prove a timeliness exception in order for the court to consider its merits.

Johnson fails to plead, let alone prove, any exception to the timeliness requirements of the PCRA. Thus, we discern no error in the PCRA court's decision to deny his petition. ***Commonwealth v. Murray***, 753 A.2d 201 (Pa. 2000 (timeliness of PCRA petition is jurisdictional threshold that may not be disregarded in order to reach merits of claims raised in untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2019

- 6 -